KOZINSKI, Circuit Judge,
dissenting in part:
Sentences for past crimes may count towards a defendant’s criminal history score only if the sentences were “imposed within ten years of the defendant’s commencement of the instant offense.” U.S.S.G. § 4A1.2(e)(2)-(3). Diaz’s sentences for family violence and simple stalking were imposed on August 15, 2000, so the question is whether Diaz began committing the current offense — traveling to Rota for the purpose of having sex with the underage victim — before August 15, 2010.
The government concedes that Diaz didn’t begin the crime during his trip in May 2010, as he didn’t know the victim was underage when he traveled to Rota at that time. Diaz’s next trip wasn’t until September. The key question, then, is whether Diaz did anything before August 15 “in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.” U.S.S.G. § 1B1.3(a)(1). While Diaz communicated with the victim prior to August 15, there is no evidence that any of these communications involved planning for the September trip; nor is there any other evidence that Diaz prepared for this trip before August 15. Given these undisputed facts, the district court’s mathematical error is plain.
In handing down a 97-month prison term, the district court said it intended to give Diaz the “maximum sentence.” Excluding the two prior sentences would have reduced Diaz’s Guidelines range from 78-97 months to 70-87 months. There is thus little doubt that the district court’s mistake cost Diaz almost a year in prison, affecting Diaz’s substantial rights and undermining the fairness of the sentencing proceedings. Because “it is a miscarriage of justice to give a person an illegal sentence,” United States v. Ameline, 409 F.3d 1073, 1081 (9th Cir.2005) (internal quotation marks omitted), I would remand for resentencing.